EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25152121**
**Date Processed: 07/01/2022**

| | |
|---|---|
| **Primary Contact:** | Andrew Akey<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Emily Hawke-James<br>Jim McMenomy<br>Meghan Olson<br>Todd Lemanski<br>Brianna Varanko |
| **Entity:** | Menard, Inc.<br>Entity ID Number  0033810 |
| **Entity Served:** | Menard Inc. |
| **Title of Action:** | Cheryl Jauch vs. Menard, Inc. |
| **Matter Name/ID:** | Cheryl Jauch vs. Menard, Inc. (12511661) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Montgomery County Court of Common Pleas, OH |
| **Case/Reference No:** | 2022 CV 02879 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 07/01/2022 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Pickrel, Schaeffer & Ebeling Co., LPA<br>937-223-1130 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
WEDNESDAY JUNE    29 2022 11:48:53 AM
CASE NUMBER: 2022 CV 02879
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

CHERYL JAUCH

**VS**

**DEFENDANT**

MENARD INC. CO CORPORATION SERVICE CO. et al

**CASE NUMBER**

2022 CV 02879

**ARTICLE NUMBER**

9414726699042199672063

**TO THE FOLLOWING NAMED DEFENDANT:**

MENARD INC. CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON OH 43221

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio. **A copy of the Complaint is attached.**

**BY:**
CHERYL JAUCH
8311 LYONS GATE WAY APT. C
MIAMISBURG, OH  45342

**PLAINTIFF ATTORNEY:**
MATTHEW STEFFEN HAUER
2700 STRATACACHE TOWER
40 N MAIN ST.
DAYTON, OH 45423

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ **MIKE FOLEY, ISSUED Wednesday, June 29, 2022**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

### RETURN OF SERVICE SUMMONS

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| CHERYL JAUCH | 2022 CV 02879 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| MENARD INC. CO CORPORATION SERVICE CO. et al | 9414726699042199672063 |

**TO THE FOLLOWING NAMED PARTY:**
MENARD INC. CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH 43221

### RETURN OF SERVICE(PERSONAL)

FEES
SERVICE $\_\_\_\_
MILEAGE \_\_\_\_
TOTAL $\_\_\_\_
DATE \_\_\_\_

I received the document on _____, 2022, at \_\_\_\_ o'clock \_\_\_\_ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.
By _____

### RETURN OF SERVICE(RESIDENCE)

FEES
SERVICE $\_\_\_\_
MILEAGE \_\_\_\_
TOTAL $\_\_\_\_
DATE \_\_\_\_

I received the document on _____, 2022, at \_\_\_\_ o'clock \_\_\_\_ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

FEES
SERVICE $\_\_\_\_
MILEAGE \_\_\_\_
TOTAL $\_\_\_\_
DATE \_\_\_\_

I received the document on _____, 2022, at \_\_\_\_ o'clock \_\_\_\_ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____
By _____

PAGE INTENTIONALLY LEFT BLANK

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, June 29, 2022 9:49:08 AM
CASE NUMBER: 2022 CV 02879 Docket ID: 36421614
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| **CHERYL JAUCH** <br> 8311 Lyons Gate Way, Apt. C <br> Miamisburg, Ohio 45342 <br><br> **Plaintiff** <br><br> vs. <br><br> **MENARD, INC.** <br> c/o Corporation Service Company <br> 3366 Riverside Dr., Ste. 103 <br> Upper Arlington, OH  43221, <br><br> and <br><br> **JOHN DOE INDIVIDUAL(S) 1-5** <br> Address(es) Unknown <br><br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **CASE NO.** <br><br> **JUDGE** <br><br><br><br><br><br><br><br> **COMPLAINT FOR PERSONAL INJURIES WITH JURY DEMAND ENDORSED HEREIN** |

Now comes Plaintiff, Cheryl Jauch, by and through counsel, for her Complaint against the Defendants and states on information and belief as follows:

1. On or about April 15, 2021, Plaintiff was shopping in the garden section of Defendant-Menard, Inc.'s, ("Menards" or "Defendant") store located at 8480 N Springboro Pike, Miamisburg, OH 45342, in Montgomery County, Ohio.

2. An agent-employee of Defendant was using a hose attached to Defendant's store to water plants in the garden section.

3. A raised metal rack containing coiled hose fed the agent-employee's hose, most of which laid across the floor while in use.

4. The metal rack kept agent-employee's hose raised off of the ground for a certain length from where the hose was fed until it descended to the floor.

5. As Plaintiff turned a corner, she tripped over the raised part of the hose, which was obscured from view by the shelving.

6. Plaintiff suffered serious injuries resulting from this fall.

7. At all times relevant, Plaintiff was a resident of Montgomery County, Ohio.

8. At all times relevant, Defendant was a foreign corporation of Wisconsin with a principal place of business in Wisconsin duly registered in Ohio conducting business at a retail location in Montgomery County, Ohio.

**FIRST CLAIM FOR RELIEF**
**(Premise Liability – Failure to Maintain in a Reasonably Safe Condition)**

9. Plaintiff incorporates completely herein each of the allegations as stated above as if fully rewritten.

10. Defendant-Menards had a duty to maintain their properties in a reasonably safe condition to all business invitees.

11. Defendant's duty includes maintaining a safe condition related to all acts Defendant or its agents take on the premises.

12. As a customer, Plaintiff was a business invitee.

13. Defendant-Menards had control over a hose in use for its business in the garden section, creating a moving and changing danger, without properly exercising caution.

2

14. Defendant failed to ensure the act of watering the plants in their garden section, undertaken by them and their agents on their premise, was conducted in a safe and reasonable manner.

15. Defendant-Menards failed to maintain a reasonably safe premise by creating dangerous condition on their premise.

16. As a direct and proximate result of Defendant-Menards' negligent, reckless and/or wonton failure to maintain a reasonably safe premise, Plaintiff tripped, causing her serious injury.

17. As a direct and proximate result of Defendant-Menards negligent, reckless and/or wonton conduct, Plaintiff sustained personal injuries of body and mind, which have been disabling for the Plaintiff and may be permanent in nature.

18. As a direct and proximate result of the personal injuries sustained by Plaintiff due to Defendant's negligent, reckless, and/or wonton conduct, Plaintiff has incurred medical expenses for the care and treatment of her injuries in an amount in excess of $8,512.53 and may incur future medical expenses.

19. Plaintiff has endured considerable pain and suffering, equivalent to presently an undetermined amount of money.

**SECOND CLAIM FOR RELIEF**
**(Premise Liability – Failure to Warn)**

20. Plaintiff incorporates completely herein each of the allegations as stated above as if fully rewritten.

21. Defendant-Menards had a duty to warn business invitees of any latent or hidden dangers on Defendant's premise.

3

22. Defendant-Menards failed warn business invitees verbally, by sign, or by any other reasonable means of a hidden and latent danger of which they had actual knowledge.

23. Defendant-Menards negligently failed to warn Plaintiff, as a business invitee, of a dangerous, latent or hidden condition on their premise.

24. As a direct and proximate result of Defendant-Menards negligent, reckless, and/or wonton conduct, Plaintiff was unaware of a hose in their garden section, despite her exercise of ordinary care.

25. As a direct and proximate result of Defendant's negligent, reckless, and/or wonton conduct, Plaintiff has sustained personal injuries of body and mind as alleged herein.

### THIRD CLAIM FOR RELIEF
(Negligence)

26. Plaintiff incorporates completely herein each of the allegations as stated above as if fully rewritten.

27. At all times relevant, Defendant-John Doe was working pursuant to the scope of their duties for Defendant-Menards.

28. On the day of the accident, Defendant-John Doe negligently failed to use or maintain their hose in a reasonably safe manner and condition.

29. Defendant-John Doe's negligent, reckless, and/or wonton acts increased the risk of harm to Plaintiff such that her ordinary care would not have protected her.

30. As a direct and proximate result of Defendant-John Doe's negligent, reckless and/or wonton act, Plaintiff tripped over the hose, which proximately caused Plaintiff's injuries as alleged herein.

4

## FOURTH CLAIM FOR RELIEF
### (Respondeat Superior)

31. Plaintiff incorporates completely herein each of the allegations as stated above as if fully rewritten.

32. Defendant-Menards is the employer of any Defendant-John Doe who acted negligently as set forth in the Fourth Claim for Relief.

33. Defendant-John Doe was acting in the scope of their duties for Defendant-Menards when committing their negligent, reckless, and/or wonton act as set forth in the Fourth Claim for Relief.

34. As a result, Defendant-Menards is wholly liable for any injuries as set forth in the Fourth Claim for Relief.

**WHEREFORE**, Plaintiff Cheryl Jauch demands judgment against Defendants, jointly and severally, in an amount in excess of $25,000 plus punitive damages, attorney's fees, prejudgment interest, post-judgment interest, the costs of this action, and any and all other relief this Court deems just and proper.

Respectfully submitted,

*/s/ L. Michael Bly*
L. MICHAEL BLY (0042074)
MATTHEW S. HAUER (0099596)
PICKREL, SCHAEFFER & EBELING CO., LPA
40 North Main Street, Suite 2700
Dayton, Ohio 45423
P: (937) 223-1130 / F: (937) 223-0339
E-mail: mbly@pselaw.com
E-mail: mhauer@pselaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by a jury on all issues of the within cause.

                                              */s/ L. Michael Bly*
                                              L. MICHAEL BLY (0042074)
                                              PICKREL, SCHAEFFER & EBELING CO., LPA

K. E. FOLEY
Clerk of Courts
41 N. Perry St.
Dayton, Ohio 45422-2150

CERTIFIED MAIL



9414 7266 9904 2199 6720 63

US POSTAGE

```
2022 CV 02879
9 414 7266 9904 2199 6720 63

MENARD INC. CO CORPORATION
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH 43221
```