UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHERYL JAUCH,

    Plaintiff,

vs.

MENARD, INC., *et al.*,

    Defendants.

Case No. 3:22-cv-205

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. No. 8); (2) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. No. 6); (3) REMANDING THIS CASE TO THE MONTGOMERY COUNTY COMMON PLEAS COURT; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case, premised on diversity jurisdiction, is before the Court on Plaintiff Cheryl Jauch's ("Jauch") motion to remand and motion for leave to file an amended complaint. Doc. Nos. 6, 8. Defendant Menard, Inc. ("Menard") filed responses in opposition to both motions. Doc. Nos. 7, 11. Jauch replied. Doc. Nos. 10, 12. This matter is now ripe for review.

**I.**

Jauch claims she slipped and fell on a hose left in an aisle at a Menard's store in Miamisburg, Ohio. Doc. No. 1-1 at PageID 10. Alleging negligence, she sued Menard and ten "John Does" who worked for Menard. *Id.* She claimed that Defendants owed her a duty, which they breached, to keep the aisles free from hazards. *Id.* at PageID 13.

Menard is a Wisconsin corporation with a principal place of business in Wisconsin. Doc. No. 1 at PageID 1; Doc. No. 1-1 at PageID 11. It removed this case based on diversity jurisdiction on July 29, 2022. *See* Doc. No. 1. Accordingly, Menard alleged that the parties were diverse, the

citizenship of the "John Doe" defendants is irrelevant for removal, and the amount in controversy exceeds $75,000. Doc. No. 1 at PageID 2.

Jauch moved to remand on August 25, 2022. Doc. No. 6. She argued that Menard has not met the amount-in-controversy requirement because her complaint did not seek that amount. *Id.* at PageID 47. Rather, Jauch argued, the only amount referenced in her complaint is $8,512.53 in medical expenses. *Id.*; *see* Doc. No. 1-1 at PageID 12.

After Menard filed its opposition, Jauch moved to amend her complaint on September 14, 2022 to substitute one of the "John Doe" defendants for Cheyenne Partridge—an Ohioan who Jauch claims worked at Menard's store on the date of her fall. *See* Doc. No. 8; Doc. No. 8-1 at PageID 64. Jauch discovered Partridge's identity after filing a set of interrogatories on August 1, 2022. *See* Doc. No. 5; Doc. No. 8 at PageID 60–61. Jauch also alerted this Court that amendment would destroy subject matter jurisdiction. *See* Doc. No. 8 at PageID 59–60.

Menard opposed, claiming that Jauch's amendment was a surreptitious—and highly prejudicial—effort to dismantle diversity jurisdiction. Doc. No. 11 at PageID 81. Moreover, Menard asserted that amendment is unnecessary here because: (1) Jauch could recover her full damages without joining Partridge through *respondeat superior*; and (2) Menard would suffer prejudice in state court that would eclipse Jauch's minimal benefit from amending. *Id.* at PageID 82–83. In reply, Jauch noted that if Menard argues that it is not liable for its employees' misconduct notwithstanding *respondeat superior*, then she could not recover for her injuries. Doc. No. 12 at PageID 88–90. She argued that Menard acknowledged this possibility when it alleged in its answer in state court that Jauch's injuries were caused "by . . . persons/entities for whom Menard is not responsible[.]" Doc. No. 1-3 at PageID 21; *see* Doc. No. 12 at PageID 88–90.

## II.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

2

*Am.*, 511 U.S. 375, 377 (1994). Two bases for jurisdiction are most common: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction frequently exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A defendant in state court may remove a case to the federal district court "embracing the place where the action is pending" if the lawsuit meets the diversity requirements. 28 U.S.C. § 1441(b). In so doing, "the citizenship of defendants sued under fictitious names shall be disregarded." *Id.*

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e). "[W]here an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). The Sixth Circuit recommends that district courts consider several factors before ruling on a motion for leave to amend that would destroy jurisdiction, including: "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (*per curiam*) (citations omitted); *see also Curry*, 462 F.3d at 540.

The Court freely grants leave to amend a pleading as justice so requires. *See* Fed. R. Civ. P. 15(a)(2). When deciding whether to grant a motion to amend, the Court "consider[s] undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility

3

of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see* Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court[.]" *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

### III.

For the reasons that follow, Jauch may amend her complaint to substitute Partridge as a party. Because the resulting lack of diversity of citizenship will deprive this Court of subject matter jurisdiction, the case must be remanded. It is, therefore, unnecessary to address the parties' arguments concerning the amount-in-controversy.

The four factors weigh in Jauch's favor. First, her amendment is not intended to destroy subject matter jurisdiction. Rather, Jauch's complaint "was transparent from the filing of the case in state court that the named John Does were very likely Ohio residents[.]" *Bechtel v. Neutron Holdings, Inc.*, No. 2:20-cv-1555, 2020 WL 5087082, at *3 (S.D. Ohio Aug. 28, 2020). Indeed, reviewing Jauch's original complaint—naming only Menard and its Miamisburg, Ohio store's employees as defendants—shows that the amendment clarifies that this controversy is between an Ohioan, a business, and its employees, who are also Ohioans. *See* Doc. No. 2 at PageID 27–28. Likewise, Jauch's allegations against Partridge in her amended complaint are identical to her original complaint, so she intended to sue Partridge "from the outset[.]" *Tolley v. Menard Inc.*, No. 3:17-cv-157, 2018 WL 334382, at *2 (S.D. Ohio Jan. 8, 2018). Accordingly, Jauch's intent is just to clarify this lack of diversity, so Menard's arguments that she acted in bad faith—by seeking leave to amend—are unconvincing.

The second factor, examining whether Jauch delayed, also supports amendment. Jauch moved to amend one month after learning Partridge's identity. *See* Doc. No. 5; Doc. No. 8 at

4

PageID 59–61. Thus, Jauch did not delay, contrary to Menard's contentions. *See, e.g.*, *Colletti v. Menard, Inc.*, No. 14-cv-13538, 2015 WL 404356, at *4 (E.D. Mich. Jan. 29, 2015) (plaintiff was not dilatory in amending where she moved to amend a few weeks after learning the defendant's identity); *Inter Am. Builders Agencies Co. v. Sta-Rite Indus., Inc.*, 602 F. Supp. 2d 306, 310 (D. P.R. 2009) (amendment was not dilatory where it was sought a little over one month after removal).

The third factor—injury—is trickier. The Court credits Menard's argument that Jauch could fully recover under the doctrine of *respondeat superior*. *Cf. Clark v. Southview Hosp. & Fam. Health Ctr.*, 628 N.E.2d 46, 48 (Ohio 1994) ("Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of *respondeat superior* . . . ." (citation omitted)). On the other hand, the Court also acknowledges Jauch's argument that Menard would likely shield itself from liability, per its answer, by claiming that it is not liable for actions from employees that it is not responsible for. *See* Doc. No. 1-3 at PageID 21. Considering that both possibilities support either position, this factor favors neither party.

Finally, the equities favor Jauch. She alleges negligence against a store and its employees. *See* Doc. No. 2. It would waste time and resources to force Jauch to maintain two lawsuits—one in state court against Partridge and one in federal court against Menard—when the facts of both straightforward lawsuits would be identical. *See, e.g.*, *Rosado v. Johnson*, 589 F. Supp. 2d 398, 401 (S.D.N.Y. 2008) (granting motion to amend and remanding for lack of diversity where the plaintiff sought relief against the diverse and non-diverse parties over the same set of facts and under joint and several liability). Contrary to Menard's suggestion, it will not be prejudiced simply by having to litigate in state court. *See, e.g.*, *Bechtel*, 2020 WL 5087082, at *5 (granting motion to amend and remanding case where there was no "home court advantage" because the unknown co-defendant substituted was an Ohioan). Just as an out-of-state defendant has his or her "right to

5

a federal forum[,]" so does an in-state plaintiff have his or her "right to fashion [his or her] lawsuit, select [his or her] causes of action, and advance theories against the parties of [his or her] choosing."  *J. Lewis Cooper v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005).  Menard's right is not controlling, so amendment is not prejudicial.  *See, e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 768 (7th Cir. 2009) (plaintiff's "interest in avoiding the cost and inconvenience of parallel lawsuits in state and federal court" outweighed defendant's right to litigate in federal court).

Menard has made these arguments before, and this Court—among others—has found them unpersuasive.  In *Tolley v. Menard, Inc.*, Menard argued that an amendment to substitute unknown employee defendants for named Ohioans, after the plaintiff learned their identities, was intended to delay and in bad faith.  *Tolley*, 2018 WL 334382, at *2.  This Court disagreed: the amended complaint was identical to the original complaint except for the substitution; the plaintiffs quickly moved for amendment; and, although *respondeat superior* could have applied, the equities favored amendment.  *See id.* at *2–3.  That same reasoning applies here.  *See id.*; *see also, e.g.*, *Colletti*, 2015 WL 404356, at *2.  The four factors, along with the liberal policy favoring amendment, support granting leave to amend, and Menard's arguments to the contrary are unavailing.

### IV.

For the reasons stated, the Court: (1) **GRANTS** Jauch's motion for leave to file an amended complaint (Doc. No. 8); (2) **GRANTS** her motion to remand (Doc. No. 6) based on the resulting lack of diversity of citizenship; (3) **REMANDS** this case to the Montgomery County Common Pleas Court; and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   November 7, 2022                           s/Michael J. Newman
                                                                                          Hon. Michael J. Newman
                                                                                          United States District Judge